IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

YANCEY BAILEY, #3165676     *
     Plaintiff
 v.           *   CIVIL ACTION NO. CCB-09-3

WARDEN, NORTH BRANCH   *
 CORRECTIONAL INSTITUTION
     Defendant.  *
            ***

## MEMORANDUM

  Yancey Bailey ("Bailey") is a North Branch Correctional Institution ("NBCI") inmate. On January 5, 2009, the court received for filing his "motion for emergency tro and/or pi relief." The *pro se* papers were instituted as a 42 U.S.C. § 1983 civil rights action for injunctive relief. Bailey alleges that his sentencing judge recommended that he serve his sentences at Patuxent Institution in order to receive residential mental health inpatient therapy and medication. Paper No. 1. He claims that over the preceding twenty months he has made multiple suicide attempts and experienced suicidal ideation, but has not been placed in a designated emergency suicide precaution area by NBCI psychology staff. *Id*. Bailey further claims that he has suffered assaults by NBCI correctional officers and other inmates. *Id*. Bailey seeks transfer to Clifton T. Perkins State Hospital Center for appropriate residential inpatient treatment and therapy. *Id*.

  On February 23, 2009, defendant filed his court-ordered show cause response. Paper No. 6. The response, including attached declarations and extensive exhibits from Bailey's base and medical files, showed that over the course of the past two years, Bailey was sent briefly to Patuxent Institution for mental health services, placed in special observation housing ("SOH") several times, and has spent most of the period housed on administrative and disciplinary segregation. Paper No. 6, Exs. 1 & 2.

Bailey filed an opposition to the aforementioned response.  The court reviewed the pleadings and on April 4, 2009, ordered defendant to provide supplemental briefing so as to address Bailey's diagnosed psychological problems and treatment.  The supplemental response, received for filing on June 5, 2009, was re-characterized as a motion for summary judgment. Paper No. 14.  Bailey was notified of this construction, advised of his entitlement to file opposition materials, and granted additional time to do so. *Id*.  He has not filed a further opposition.  After careful review, the court finds that an oral hearing is not necessary to the disposition of this case. *See* Local Rule 105.6. (D. Md. 2008).  For reasons to follow, the complaint for injunctive relief shall be dismissed.

Bailey primarily claims that he is not being provided adequate psychological care.  As an inmate sentenced to confinement, he is entitled to receive reasonable treatment for his serious medical need. *See Estelle v. Gamble*, 429 U.S. 97 (1976).  Failure to provide treatment, when indicating a "deliberate indifference to serious medical needs of prisoners" results in "the 'unnecessary and wanton infliction of pain,'...proscribed by the Eighth Amendment." *Id*. at 104. Deliberate indifference is shown by establishing that the defendant had actual knowledge or awareness of an obvious risk to a plaintiff's serious medical need and failed to take steps to abate that risk. *See generally, Farmer v. Brennan*, 511 U.S. 825 (1994); *Brice v. Virginia Beach Correctional Center*, 58 F. 3d 101, 104 (4th Cir. 1995).  There is "no underlying distinction between the right to medical care for physical ills and its psychological and/or psychiatric counterpart." *Bowring v. Goodwin*, 551 F.2d 44, 47 (4th Cir. 1977).

As previously discussed in this court's opinion of April 6, 2009, in 2007 Bailey was convicted in the Circuit Court for Washington County of second-degree assault of a correctional employee and was sentenced to a three-year term, to be served consecutive to the last sentence to

2

expire on all outstanding and unserved Maryland sentences.[1]  In 2008, Bailey was transferred to Patuxent for mental health services and was housed there for one month before being transferred to NBCI. Defendant acknowledges that since his arrival at NBCI, Bailey has attempted suicide several times by allegedly ingesting Tylenol and Sinequan capsules, twice cutting himself on his left arm, twice attempting to hang himself from a makeshift noose placed on a ceiling water sprinkler, twice cutting his wrist with a razor, and stabbing himself with a pen in the right wrist.  Paper No. 6, Exs. 1 & 2.  In addition, he has repeatedly engaged in other "self-harming" behavior by ramming his head against his cell door and wall.  *Id.*, Ex. 2.  Moreover, Bailey has assaulted correctional officers by grabbing their arms through the food slot and by throwing body fluids at them.  *Id.*  In all of the aforementioned incidents Bailey was placed in an observation cell pursuant to the direction of psychology staff and, when appropriate, given a suicide "smock" and placed on suicide watch.  Subsequent to the June 26, 2008 and January 21, 2009 incidents where Bailey threw urine at correctional officers, he was placed on Staff Alert Status because he was thought to be a security threat to the institution, staff, or other inmates.  *Id.*

Newly filed materials show that Bailey has received ongoing mental health treatment at NBCI.  Paper No. 13, Ex. A at Hafercamp Decl.  He has been diagnosed with Borderline Personality Disorder, Bipolar Disorder, and Malingering.  Psychology Associate Doctorate Hafercamp opines that Bailey is extremely manipulative and acts out to gain attention and to avoid cognitively focusing on his crime.  She maintains that Bailey utilizes self-harm in an effort to manipulate staff into giving him what he wants.  Hafercamp further alleges that the closer Bailey comes to his release date, the more assaultive he becomes.  *Id.*

---

[1]  Bailey was convicted of one count of child abuse in 2003.

The record shows that: (1) a number of approaches have been used to minimize Bailey's self-mutiliation acts; (2) Bailey has been informed that he will need to place a request to speak with psychology staff; and (3) mental-health care staff decided that Bailey's acts of self-mutilation would only be reviewed by medical and psychology staff to ensure that he is stable. Paper No. 13, Ex. A. Hafercamp states that Bailey is being treated "as closely as possible like the rest of the inmate population." She states, however, that due to his personality disorder, his prognosis is poor.

In June of 2008, a comprehensive treatment plan was developed by mental health and custodial staff to address Bailey's control impulses, attention-seeking behavior, self harm, and aggressions towards staff. *Id*. Bailey was to be seen by the NBCI Chief Psychologist every two weeks and to participate in the NBCI Behavioral Management Plan. Soon after the plan was arranged, however, Bailey assaulted a correctional officer by throwing urine on him. The arrangement was cancelled and Bailey was to be treated purely from a "correctional" and "behavioral" standpoint. Bailey has been evaluated routinely for his medications. Throughout his confinement at NBCI he has been prescribed Valproic Acid, Benadryl, Haldol and Ativan (Lorazepam). The record shows that he has been assessed by the psychology department and provided "rewards" for improved behavior and placed on restrictions when he acts out by assaulting officers. *Id*.

The complaint sets out a request for injunctive relief under the Eighth Amendment. As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing" that, he is likely to success on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an

injunction is in the public interest.  *See Winter v. Natural Resources Defense Council, Inc.*, --- U.S. ---, 129 S.Ct. 365, 374-376 (2008).  The previous Fourth Circuit balance-of-hardship test set out in *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1997) is no longer to be applied when granting or denying preliminary injunctions.  Rather, the standard articulated in *Winter* governs the issuance of such emergency relief.  *See Real Truth About Obama, Inc. v. Federal Election Com'n,* --- F. 3d ---, 2009 WL 2408735 (4th Cir. 2009).

There is no dispute that Bailey has repeatedly attempted suicide and has otherwise continued to act out by assaulting officers and presenting staff with behavioral problems.  The supplemental record, however, shows that he has been diagnosed by mental health care staff, treated with psychotropic medications, and periodically evaluated by psychologists and psychiatrists.  Defendant states that a comprehensive treatment plan was developed for Bailey but had to be cancelled due to his acting out and assaulting an officer within days of its enactment.  Instead, a Behavioral Modification Treatment Plan was submitted and is being maintained.  Accordingly, Bailey is not likely to prevail on the merits of an Eighth Amendment claim.  Further, he has failed to demonstrate that his health is endangered and that the failure to issue injunctive relief (transfer to Clifton T. Perkins Hospital Center) would place him in immediate risk of harm.  Emergency court intervention is not warranted. The complaint for injunctive relief shall be dismissed.  A separate Order follows.


Date: 9/3/2009                                     __/s/_____
                                                   Catherine C. Blake
                                                   United States District Judge


5